UNITED STATES of America, Appellee

v.

Crictino FONSECA, Appellant.

No. 04–3078.

United States Court of Appeals,
District of Columbia Circuit.

Jan. 19, 2007.

Elizabeth Trosman, John Robert Fisher, Assistant U.S. Attorneys, John P. Mannarino, Kenneth L. Wainstein, U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

A.J. Kramer, Mary Manning Petras, Federal Public Defender, Neil H. Jaffee, Assistant Federal Public Defender, Sandra Gayle Roland, Assistant Federal Public Defender, Washington, DC, for Appellant.

Before: TATEL, GARLAND, and GRIFFITH, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

Upon consideration of the district court's order filed July 18, 2006, and the supplemental briefs of the parties, it is

**ORDERED** and **ADJUDGED** that the sentence of the district court be affirmed.

A jury found Appellant Crictino Fonseca guilty of unlawful possession of a firearm and ammunition by a convicted felon. In an earlier decision, *United States v. Fonseca*, 435 F.3d 369 (D.C.Cir.2006), we affirmed the judgment of conviction. We agreed with the parties, however, that the record was insufficient to determine with confidence whether Fonseca suffered prejudice from the district court's treatment of the United States Sentencing Guidelines as mandatory, in violation of the Supreme Court's subsequent decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Fonseca*, 435 F.3d at 370 n. 1. Pursuant to *United States v. Coles*, 403 F.3d 764 (D.C.Cir.2005), we remanded the record to the district court for it to "determine whether it would have imposed a different sentence, materially more favorable to [Fonseca], if the sentencing had taken place under the post-*Booker* sentencing regime." *Fonseca*, 435 F.3d at 370 n. 1 (internal quotation marks omitted).

On remand, the district court concluded that "there is no possibility" that it would have imposed a materially more favorable sentence had it been aware of the post-*Booker* sentencing regime. *United States v. Fonseca*, No. 03–cr–106, slip op. at 2 (D.D.C. July 18, 2006). To support this conclusion, the court observed:

> While the defendant was convicted solely of possessing a handgun, the evidence clearly established that the defendant fired the weapon at a [woman] who was on the sidewalk outside his apartment window. Moreover, this is the defendant's seventeenth criminal conviction. The defendant was also on parole for a drug distribution related offense when he was arrested in this case. Thus, despite the defendant's age and health problems, it is likely the defendant will engage in further criminal behavior upon his release from prison.

*Id.* The same order considered Fonseca's request to address the court personally prior to its resolution of the *Coles* question. The district court rejected this request, on the grounds that it had already provided Fonseca with the opportunity to

allocute prior to his initial sentencing, and that *Coles* did not require an additional personal appearance by the defendant. *See id.* n. 1.

Fonseca now argues that the record should again be remanded to the district court because he "was entitled to allocute before the court determined whether a more favorable sentence was appropriate under the new sentencing regime." Appellant's Supplemental Br. 3. We disagree. In *Coles,* we instructed that, "while the District Court should obtain the views of counsel, at least in writing, it need not require the presence of the Defendant" during the record remand. 403 F.3d at 770 (internal quotation marks and alterations omitted). We cited decisions reaching the same result from the Second Circuit, *United States v. Crosby,* 397 F.3d 103, 120 (2d Cir.2005), and the Seventh Circuit, *United States v. Paladino,* 401 F.3d 471, 484 (7th Cir.2005), as well as Federal Rule of Criminal Procedure 43(b). Since *Coles,* we have adhered to this position. *See United States v. Carson,* 455 F.3d 336, 384 (D.C.Cir.2006) (quoting *Coles); United States v. Gomez,* 431 F.3d 818, 823 (D.C.Cir.2005) (explaining that *Coles* "adopted the Seventh Circuit's view … that the defendant's presence was unnecessary but that the district judge should obtain the views of counsel on both sides"). Consistent with this precedent, we hold that the district court was not required to permit Fonseca to allocute personally during the remand of the record that we ordered to permit the court to make the *Coles* determination.

By order dated January 31, 2006, we affirmed the judgment of conviction with the exception of sentencing; here we affirm the sentence. Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold the issuance of the mandate herein

until seven days after the disposition of any timely petition for rehearing. *See* D.C.Cir. R. 41(a)(1).